UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

SAGE GERADAS LEWIS,

   Plaintiff,         Case No. 2:17-cv-114

v.                Honorable Paul L. Maloney

T. BROOKS et al.,

   Defendants.
_____/

## OPINION

   This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I. Factual allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Newberry Correctional Facility (NCF) in Newberry, Luce County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues Corrections Officer T. Brooks, Sergeant P. Mersnick, Lieutenant D. Moore, Lieutenant Unknown Whalen, and Warden Mitchell Perry.

Plaintiff alleges that on November 6, 2016, he had an altercation with Defendant Brooks. Plaintiff subsequently filed a grievance on Defendant Brooks. Defendant Whalen responded to the grievance, but failed to take any corrective action. On January 27, 2017, Defendant Brooks took a pair of headphones out of Plaintiff's cell and attempted to take Plaintiff's television, which was locked down with a padlock. This was observed by Plaintiff's cell mates. Plaintiff told Defendant Brooks that he was going to write a grievance on him because of his retaliatory conduct in taking the headphones. Defendant Brooks responded that he would write a misconduct on Plaintiff regarding the headphones. Plaintiff requested a grievance form and discussed the situation with Defendant Whalen, who failed to take any corrective action. Plaintiff subsequently filed a grievance.

On January 28, 2017, Plaintiff was reviewed on the misconduct and pleaded not guilty. On January 29, 2017, Defendant Brooks ordered Plaintiff to turn out his pockets. After Plaintiff complied and moved down the hallway, he overheard Defendant Brooks tell another corrections officer that he was giving Plaintiff a hard time because of the grievance Plaintiff had written. Plaintiff filed a grievance.

Plaintiff claims that Defendant Moore responded to the January 27, 2017, grievance by denying it and stating that even when officers are wrong, they are right. Defendant Mersnick denied Plaintiff's January 29, 2017, grievance. During Plaintiff's hearing on February 14, 2017, Defendant Whalen refused to check with the business office to see if there was a record of Plaintiff's purchase of the headphones. Plaintiff was found guilty of a class III misconduct.

Plaintiff claims that Defendants violated his rights under the First and Eighth Amendments. Plaintiff seeks compensatory and punitive damages, as well as declaratory and injunctive relief.

II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not

'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff claims that Defendants violated his rights under the Eighth Amendment. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant

experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims)). Plaintiff's allegations fail to rise to the level of an Eighth Amendment violation.

Plaintiff also claims that Defendants retaliated against him in violation of the First Amendment. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Plaintiff claims that he received a class III misconduct ticket as a result of Defendant Brook's retaliatory ticket. With regard to the Class II and III misconducts, the Court notes that a prisoner convicted of a minor misconduct may be sanctioned with one or more of the following sanctions, with the maximum reserved for only the most serious or persistent violators:

toplock (confinement to quarters) not to exceed five days, for all violations arising from a single incident; loss of privileges[1] not to exceed 30 days for Class II misconducts or 15 days for Class III misconducts, for all violations arising from a single incident; assignment of extra duty, not to exceed 40 hours for Class II misconducts or 20 hours for Class III misconducts, for all violations arising from a single incident; restitution and/or disgorgement of funds/ill-gotten gains; counseling and reprimand. Policy Directive 03.03.105, Attachment D. Class II misconduct convictions also are used to determine the appropriate security classification of a prisoner. *See* Policy Directive 03.03.105, ¶ EEEE.

The Sixth Circuit has held that 14 days' loss of privileges, a short period in toplock, and extra duty are *de minimis* sanctions that would not deter a person of ordinary firmness from pursuing a grievance or other First Amendment protected activity. *See Ingram v. Jewell*, 94 F. App'x 271, 273 (6th Cir. 2004) (citing *Thaddeus–X*, 175 F.3d at 396–97). The Michigan district

---

[1] Unless otherwise specified, all of the following privileges are lost by a prisoner as a result of a "loss of privileges" sanction:

    A. Day room, activity room, TV room, study room, or other designated area where similar activities occur.
    B. Exercise facilities, such as yard, gym, and weight room/pit.
    C. Group meetings, such as Bible class and Jaycees, but not including primary religious worship service; this does not apply to group therapy.
    D. Out-of-cell hobbycraft activities.
    E. Kitchen area, including microwave, ice machine, and hot water dispenser.
    F. Direct access to general library (not law library; prisoners in segregation shall continue to have books delivered to them consistent with PD 04.05.120 "Segregation Standards").
    G. Movies.
    H. Music practice; musical instruments.
    I. Radio, tape player, television, and portable media player as set forth in facility procedures.
    J. Leisure time activities offered pursuant to PD 05.03.104 "Leisure Time Activities", except as approved by Warden or designee.
    K. Telephone, except calls to the Office of Legislative Corrections Ombudsman and to return calls from an attorney upon request of the attorney.
    L. Visiting. This applies only if hearing officer identified in the hearing report that the misconduct occurred in connection with a visit, and only with the visitor named in the hearing report.
    M. Use of kiosk (e.g., to send/receive electronic messages or retrieve account information).

Policy Directive 03.03.105, Attachment E.

courts have followed *Ingram* in cases where the punishment imposed was similar or less severe than the 14-day loss of privileges imposed in *Ingram*. *See, e.g., Gordon v. Benson*, No. 1:12-CV-295, 2012 WL 2522290, at *13 (W.D. Mich. June 28, 2012) (Plaintiff's seven-day loss of privileges is not sufficiently adverse to state a retaliation claim); *Patterson v. Godward*, No. 2:08-CV-78, 2012 WL 652470, at *4 (W.D. Mich. Feb. 28, 2012), *aff'd*, 505 F. App'x 424 (6th Cir. 2012) (minor misconduct conviction was not adverse action when the most severe sanction that the plaintiff could have received for a minor misconduct conviction was 15 days' loss of privileges); *Catanzaro v. Carr*, No. 10-CV-14554, 2011 WL 5008380, at *4 (E.D. Mich. Sept. 22, 2011), *report and recommendation adopted*, No. 10-14554, 2011 WL 5008357 (E.D. Mich. Oct. 20, 2011) (a total of 17 days loss of privileges for 2 minor misconduct convictions did not constitute adverse action).

In recent decisions, the Eastern District has specifically distinguished between Class II and Class III minor misconduct convictions, declining to apply *Ingram* to Class II misconduct convictions, given the greater punishments and consequences associated with those convictions.[2] *See Lindensmith v. Walton*, No. CV 14-13342, 2016 WL 398292, at *5 (E.D. Mich. Jan. 25, 2016), *report and recommendation adopted*, No. 14-CV-13342, 2016 WL 627878, at *5 (E.D. Mich. Feb. 17, 2016) (declining to apply *Ingram* to Class II misconducts because they are sent to a prisoner's central file and may result in loss of special disciplinary credits, which could ultimately extend a prisoner's sentence); *Annabel v. Frost*, No. 14-10244, 2016 WL 270294, at *3 (E.D. Mich. Jan. 22, 2016) (applying *Ingram* to Class III misconduct where punishment was

---

[2]At the time *Ingram* was decided, the Michigan Department of Corrections had only two classes of misconduct charges: major misconducts and minor misconducts. The policy establishing three classes of misconduct charges took effect on April 9, 2012. *See* MICH. DEP'T OF CORR., Policy Directive 03.03.105 (eff. Apr. 9, 2012).

limited by policy and there is no future risk of major, significant sanctions such as losing good time credit).

Therefore, because the possible sanctions that a prisoner can receive as the result of a Class III misconduct conviction are not sufficiently adverse to deter a person of ordinary firmness from engaging in protected conduct, Plaintiff's retaliation claim regarding the Class III misconduct ticket is properly dismissed.

Plaintiff also claims that Defendant Brooks subjected him to a retaliatory search on January 29, 2017, when he ordered him to turn his pockets out. Cell search and confiscation of legal papers and other property may be considered sufficiently adverse to satisfy the adverse-action requirement of *Thaddeus-X*. *See Bell v. Johnson*, 308 F.3d 594, 606 (6th Cir. 2002) (citing *Walker v. Bain*, 257 F.3d 660, 664 (6th Cir. 2001)). However, the mere request to empty one's pockets is not sufficiently adverse to deter a person of ordinary firmness from engaging in protected conduct. Therefore, Plaintiff's retaliation claim regarding Defendant Brooks' order to turn out his pockets is properly dismissed.

Finally, the Court notes that Plaintiff's only claims against Defendants Mersnick, Moore, Whalen, and Perry, involve the denial of grievances or the refusal to investigate Plaintiff's claims. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310

F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendants Mersnick, Moore, Whalen, and Perry engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

Dated:   January 4, 2018                               /s/ Paul L. Maloney
                                                      Paul L. Maloney
                                                      United States District Judge

9